Filed 2/18/21  P. v. Putzier CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C088732 |
| v. | (Super. Ct. Nos. 17CF00122, 18CF04624) |
| DALE EDMAN PUTZIER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dale Edman Putzier asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In case No. 17CF00122 (the 2017 case), the People charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1) -- count one)[1] and hit and run resulting in injury (Veh. Code, § 20001, subd. (b)(1) -- count two).

---

[1] Undesignated statutory references are to the Penal Code.

1

Counsel declared a doubt concerning defendant's competency and defendant was declared incompetent to stand trial. On March 29, 2018, the trial court determined that defendant's competency had been restored and reinstituted proceedings.

The information was amended to add a count of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4) -- count three), and defendant pleaded no contest to that count in exchange for dismissal of the remaining charges and the ability to move at sentencing to reduce count three to a misdemeanor under section 17, subdivision (b)(3). The stipulated factual basis for this plea was taken from the probation report, which indicated defendant intentionally struck the victim's vehicle three times with his own truck in a casino parking lot before fleeing. The victim had a back injury and was transported for medical treatment.

The trial court sentenced defendant in the 2017 case to three years formal probation with various terms and conditions, including the imposition of 193 days with credit for 193 days served.

Weeks later, the People filed a petition alleging that defendant violated his conditions of probation and the People also filed a complaint (later deemed an information) in case No. 18CF04624 (the 2018 case) alleging assault with a deadly weapon, to wit, a knife (§ 245, subd. (a)(1) -- count one), criminal threats (§ 422, subd. (a) -- count two), false imprisonment by violence (§ 236 -- count three), resisting, obstructing, or delaying a police officer (§ 148, subd. (a)(1) -- count four), and possession of a controlled substance, to wit, methamphetamine (Health & Saf. Code, § 11377, subd. (a) -- count five).

Defendant entered dual pleas of not guilty and not guilty by reason of insanity, resulting in the appointment of two evaluators to assess defendant's sanity at the time of the offense. The evaluators disagreed concerning defendant's sanity, and defendant indicated he would hire a third evaluator. He later withdrew the not guilty by reason of insanity plea.

Defendant requested mental health diversion pursuant to section 1001.36, but the request was denied because defendant refused to waive his speedy trial right as required by the statute. (§ 1001.36, subd. (b)(1)(D).)

In a jury trial, the People presented evidence that defendant threatened to harm the victim with a baseball-sized crystal. Defendant then grabbed the victim by the throat, held a knife, and threatened to cut out the victim's eye and kill him. Portions of audio reflecting defendant's threats were played for the jury. Defendant became so upset he stabbed the wall; the victim fled and called 911. Defendant told responding officers that he would murder them and that he was not coming out alive, but a deputy ultimately convinced defendant to come outside. The deputy saw defendant empty his pockets onto the kitchen counter, and among the items was a blue pill bottle with .07 grams of methamphetamine, which the parties stipulated was a useable amount. Defendant resisted when the deputy attempted to handcuff him; it took three officers to restrain defendant.

Defendant testified and denied using the crystal or knives as a weapon to threaten the victim. He admitted making statements that could be construed as threats, but denied he intended to carry them out. He also denied that the methamphetamine was his.

The jury found defendant guilty of misdemeanor assault (a lesser included offense on count one), criminal threats, resisting a peace officer, and possession of methamphetamine. Based upon these jury verdicts, defendant was found to have violated his probation in the 2017 case and his probation was revoked. The trial court sentenced him in both the 2017 case and the 2018 case to an aggregate prison term of two years eight months. The trial court designated the assault with force likely to cause great bodily injury from the 2017 case as the principal term and imposed the lower term of two years, plus a consecutive term of eight months (one-third the midterm) for the criminal threats count from the 2018 case, along with concurrent terms for the remaining counts. Defendant was awarded a total of 624 days custody credit.

Defendant timely appealed the judgment in the 2018 case. This court later construed that notice to include the 2017 case and consolidated the cases for purposes of appeal.

## II

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

 

 

 

_____/S/_____

MAURO, J.

We concur:

 

_____/S/_____

RAYE, P. J.

 

_____/S/_____

DUARTE, J.